IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LACRESHIA CALDWELL *and* KATRINA CARTER<br><br>*Plaintiffs*,<br><br>v.<br><br>TEXAS DEPARTMENT OF PUBLIC SAFETY, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, RICHARD MEDINA, MARY BASYE, CAROL MONROE, JENNIFER COZBY, MARY COMSTOCK, and DAREN WALLACE, *in their individual and official capacities*,<br><br>*Defendants*. | Civil Action No.:   1:19-cv-00524 |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

### INTRODUCTION

1. This is a wrongful termination suit involving the firing of the plaintiffs in retaliation for the exercise of their free speech rights under the United States and Texas Constitutions. Plaintiffs were employed as correctional officers with the Texas Department of Criminal Justice (TDCJ). One day, while driving to work, they were stopped for alleged traffic violations, twice (the Department of Public Safety (DPS) trooper followed them after the first stop. Plaintiffs, who are African-American, complained to the DPS trooper

1

that the stops were improper and that they were being harassed. The plaintiffs then complained to the trooper's supervisor that the traffic stops were improper, harassment and racially-motivated. The DPS supervisor told the plaintiffs they could come in to file a more formal complaint in the week after they made their complaints known to DPS by telephone. During that interim time period, this DPS Supervisor went to TDCJ, spoke to the warden about plaintiffs, and caused their termination by TDCJ. This suit is necessary because a DPS employee, tracking down the government employer of persons who complained about police harassment and race-based policing, to secure their firings, is a violation of plaintiffs' rights to free speech by TDCJ and DPS personnel, cognizable under 42 U.S.C. §1983.

## JURISDICTION & VENUE

2. This Court has jurisdiction over plaintiffs' federal claims (violations of free speech protected by the First Amendment and cognizable under 42 U.S.C. §1983) pursuant to, *inter alia* 28 U.S.C. §1331 and/or §1343. Under 28 U.S.C. §1367, this Court has supplemental jurisdiction over plaintiffs' claims arising under Article I, §8, of the Texas Constitution.

3. Plaintiffs worked for defendant TDCJ and were terminated from their employment based upon, *inter alia*, the actions of DPS employees. Pursuant to 28 U.S.C. §1391(b) and (c), venue is thus proper in this Court because defendants TDCJ and DPS have their principal offices (TEX. GOV. CODE §411.022 in the case of DPS) and chief executive's offices (TEX. GOV. CODE §493.006 in the case of TDCJ) in the Austin Division of the Western District.

PARTIES

4. Plaintiff, *LaCreshia Caldwell*, is an individual Texas resident of Bell County, Texas, who was employed by Defendant TDCJ.

5. Plaintiff, *Katrina Carter*, is an individual Texas resident of Bell County, Texas, who was employed by Defendant TDCJ.

6. Defendant, *Texas Department of Public Safety*, is an agency of the state of Texas and may be served by serving its *Director, Steven C. McCraw, at his usual place of business, 5805 North Lamar Blvd, Austin, TX 78752-4431*.

Defendant, *Texas Department of Criminal Justice*, is an agency of the state of Texas and may be served by serving its Executive Director, *Bryan Collier, at his usual place of business, 209 West 14th Street, 5th Floor, Austin, TX 78701*.

Defendant and DPS employee *Richard Medina* may be served at his usual place of business, 606B Leon St, Gatesville, Texas 76528 .

Defendant and DPS employee *Mary Basye* may be served at her usual place of business, *5805 North Lamar Blvd, Austin, TX 78752-4431*.

Defendant and TDCJ Regional Director, *Carol Monroe*, may be served with process at her usual place of business, *Texas Department of Criminal Justice, Region VI Director's Office, 1002 Carroll Street, Gatesville, TX 76528*.

Defendant and TDCJ employee, Warden *Jennifer Cozby* may be served with process at her usual place of business, *Woodman Unit, 1210 Coryell City Road, Gatesville, TX 76528*.

Defendant and TDCJ employee, Warden *Mary Comstock* may be served with process at her usual place of business, Hilltop Unit, 1500 State School Road, Gatesville, TX 76598-2996.

Defendant and TDCJ employee, Warden *Daren Wallace* may be served with process at his usual place of business, *Hughes Unit*, *3201 FM 929, Gatesville, TX 76528*.

FACTS

6.     *Protected Speech:* On or about February 9, 2019, plaintiffs (who are African-American) were driving to work, in the same car, to the Woodman Unit of TDCJ, where they each worked as Corrections Officers.  DPS Trooper Mary Basye stopped them for an alleged traffic violation and then followed them and stopped them again.  Plaintiffs complained to Trooper Basye and the other law enforcement at the scene (because defendant Basye called for back-up because she did not like that plaintiffs' speech) that the stop was police harassment, improper and racially-motivated.  In the days after the traffic stops, plaintiffs also made these complaints to defendant Basye's supervisor (defendant Medina).  This supervisor, defendant Medina, told the plaintiffs they could come in, in-person, to file a more formal complaint and a time was discussed for the plaintiffs to come in to make a more formal complaint.  During that interim period, before the plaintiffs could file a more formal statement of their grievances and oppose this harassment and discrimination, defendant Medina (and possibly others) retaliated against plaintiffs by personally driving to the Woodman Unit and speaking to the Warden.  This was done to retaliate against the plaintiffs for their speech and/or protected speech activities and conduct.  Plaintiffs' speech and complaints about the impropriety of the stops, police

4

harassment and its racial motivation (two white women would not have been stopped, followed, stopped again or had their speech or conduct so disapproved-of) is a topic of public concern. Furthermore, plaintiffs' speech and/or protected activities were made as citizens and not as government employees of TDCJ. Stated another way, plaintiffs' speech was not part of their official duties for TDCJ and is thus protected by the Texas and United States Constitutions.

7.     *Adverse Employment Action:*  Plaintiffs were terminated from their jobs with TDCJ on or about February 25, 2019. Each plaintiff was told by TDCJ employees, including in documentation, that they were being terminated based upon the information that DPS received from defendants DPS, Medina and/or Basye. There can be no dispute that termination is an adverse employment action. Although defendant TDCJ allowed plaintiffs the opportunity to resign their positions in lieu of termination, the separation from employment (termination) is an adverse employment action.

8.     *Pickering Balance*:  Plaintiffs were terminated for their speech at, after and/or relating to, racial discrimination at a traffic stop by employees of DPS (DPS, obviously, is not the plaintiffs' employer). Plaintiffs' interest in their speech outweighs the defendants' interest in the efficient provision of public services. In this case, the manner, time and place of the plaintiffs' speech to DPS all demonstrates that they spoke apart from their workplace and part from their work duties for TDCJ. Plaintiffs' statements in no way impaired discipline by their supervisors at TDCJ or harmony among co-workers that they interact with. Plaintiffs' speech to DPS did not have a detrimental impact on their close working relations at TDCJ for which personal loyalty or confidence is necessary.

5

Plaintiffs' speech (or protected speech activity) did not impede the performance of their duties as correctional officers. Plaintiffs' speech, to a totally different state agency about conduct not involving TDCJ, did not interfere with the regular operation of their work duties and/or that of their employer.

9. *Causation:* Defendant Medina spoke to defendant Cozby on or about February 20, 2019. Defendant TDCJ's paperwork shows that defendant Medina summoned defendant Cozby to the Woodman parking lot to inform her of the plaintiffs' speech and conduct. Plaintiffs were presented with disciplinary and termination paperwork just three days later, on or about February 23, 2019, and then were formally terminated on or about February 25, 2019. The termination documentation given to plaintiffs makes plain that plaintiffs were disciplined and terminated for their protected speech and conduct related to the February 9, 2019, traffic stops and would not have been terminated by defendants TDCJ, Monroe, Comstock, Wallace and/or Cozby, had defendants DPS, Medina, and/or Basye, not provided information to TDCJ on or about February 20, 2019.

10. If any additional pleading as to the defendants' retaliatory animus, after the plaintiffs complained about harassment, the officers at the stop asked the plaintiffs, more than once, "who's your sergeant?" (meaning who is your supervisor at your place of work). When the plaintiffs did not answer this question, defendant Basye stated that she "had their names, we'll figure it out." DPS did, indeed, figure it out because defendants retaliated at plaintiffs' work and secured their termination.

## LEGAL CLAIMS: FIRST CAUSE OF ACTION
## FREE SPEECH VIOLATION UNDER FIRST AMENDMENT

11. Defendants' termination of plaintiffs' employment (and the conduct of DPS and its employees in such termination) was violative of, *inter alia*, the First Amendment of the United States Constitution, cognizable under 42 U.S.C. §1983. Plaintiffs were subjected to adverse employment action that was retaliatory and would not have been imposed upon an employee who did not speak out regarding their being stopped by defendant DPS's personnel. The content, form, context, and other indicia, all demonstrate that plaintiffs were speaking on topics of public concern, as citizens, and/or in a manner that constitutes protected free speech activity under the First Amendment and §1983. By retaliating against plaintiffs for speaking out on topics of public concern and as a citizen, defendants violated plaintiffs' federal constitutional rights.

## SECOND CAUSE OF ACTION: FREE SPEECH VIOLATION UNDER TEXAS CONSTITUTION (ART. I, §8)

12. In addition to, and independently of, all that has been pleaded above, Defendants' termination of, and/or retaliation against plaintiffs was violative of plaintiffs' rights under Article I, §8, of the Texas Constitution. The content, form, context, and other indicia, all demonstrate that plaintiffs were speaking on topics of public concern, as citizens, and/or in a manner that constitutes protected free speech activity under the Texas Constitution. By retaliating against plaintiffs for speaking out on topics of public concern and as a citizen, defendants violated plaintiffs' Texas constitutional rights.

<u>RELIEF SOUGHT</u>

13. Plaintiffs are entitled to appropriate declaratory relief and/or injunctive relief requiring defendants (including TDCJ, Director Monroe, Wardens Cozby, Wallace and/or Comstock) to reinstate them to their former positions of employment, with all benefits and emoluments of their positions which they would have received if defendants' retaliation had not occurred, and further injunctive relief prohibiting any future acts of retaliation or harassment and otherwise making plaintiffs whole, as if defendants' illegal acts of retaliation and their termination had not occurred. This relief is cognizable under the Texas and federal Constitutions and/or §1983.

14. As a proximate result of defendants' improper and illegal actions under the First Amendment of the U.S. Constitution, and/or 42 U.S.C. §1983, plaintiffs have suffered damages. In this connection, plaintiffs have suffered, and will continue to suffer, loss of wages and/or earning capacity, as a result of defendants' harassment and retaliation. Plaintiffs have also endured suffering and other compensable injuries as a result of their termination, in the past, and will continue to suffer such in the future. Plaintiffs have also suffered mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary damages in the past and will continue to suffer such in the future.

15. Defendants Monroe, Cozby, Comstock, Wallace and Basye's conduct, and especially that of defendant Medina, was reckless and/or done with callous indifference to the First Amendment rights of plaintiffs. As such, these individual defendants, sued in their individual capacity, are liable for punitive damages.

16.     Plaintiffs are also entitled to the maximum amount of pre- and post-judgment interest, as permitted by law.

17.     As a result of defendants' illegal actions, plaintiffs have been forced to retain legal counsel to remedy defendants' wrongful and illegal acts.  Plaintiffs are entitled to recover all reasonable and necessary attorney's fees and expenses incurred in preparing and maintaining this action including, but not limited to, reasonable and necessary attorney's fees and expenses occasioned by any appeal taken or necessitated by defendants' conduct. Such relief is proper under, *inter alia*, Texas law and/or 42 U.S.C. §1988.

18.     Plaintiffs have met all jurisdictional prerequisites to pursue these claims.

19.     Plaintiffs request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully pray that defendants be cited to appear and answer herein, and that upon final trial hereof, plaintiffs be accorded appropriate declaratory and/or injunctive relief, including but not limited to reinstatement, and a prohibition on further acts of retaliation; damages as set out herein; reasonable and necessary attorney's fees and expenses; court costs; pre- and post-judgment interest; and any and all other relief, at law or in equity, to which they each may be entitled.

*Respectfully submitted*,

DEATS DURST & OWEN, P.L.L.C.

*/s/ Philip Durst*
State Bar No. 06287850
*pdurst@ddollaw.com*
707 W. 34th St.
Manuel Quinto-Pozos
State Bar No. 24070459
*mqp@ddollaw.com*
Austin, Texas 78705
(512) 474-6200
(512) 474-7896 (Fax)
COUNSEL FOR PLAINTIFF