IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LACRESHIA CALDWELL and KATRINA CARTER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:19-CV-524-RP |
| RICHARD MEDINA, et al., *in their individual and official capacities*, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Plaintiffs LaCreshia Caldwell and Katrina Carter's (collectively, "Plaintiffs") Motion for Leave to Amend Complaint, (Dkt. 31), and accompanying briefing, (Resp., Dkt. 35; Reply, Dkt. 36). After considering the record, the parties' arguments, and the relevant law, the Court grants the motion.

**I. BACKGROUND**

In this case, Plaintiffs, who were formerly employed by the Texas Department of Criminal Justice ("TDCJ") as correctional officers, allege that they were wrongfully discharged for exercising their First Amendment rights while off-duty. (Reply, Dkt. 36, at 1). Plaintiffs previously filed a first amended complaint.[1] (Dkt. 16). Currently, Defendants Mary Basye ("Basye") and Richard Medina's ("Medina") (collectively, the Texas Department of Public Safety, or "TDPS Defendants") amended motions to dismiss, (Dkt. 22, 23 (respectively)) are pending, as is Defendants Carol Monroe, Jennifer Cozby ("Cozby"), Mary Comstock, Darren Wallace, and Bryan Collier's (collectively, the "TDCJ Defendants") motion for judgment on the pleadings, (Dkt. 27).

---

[1] The Court's order granting leave to amend the complaint also denied as moot four motions to dismiss. (Dkt. 15; *see* Dkt. 5, 6, 7, 8).

Plaintiffs now seek to file a second amended complaint that primarily differs from their first amended complaint in that it is meant to "clarify matters raised in the Defendants' motions," (Mot., Dkt. 31)—i.e., it provides "more factual detail regarding the involvement of each individual Defendant," (Reply, Dkt. 36, at 5). Specifically, the second amended complaint adds additional allegations about Basye's communication with Cozby (the warden of the jail at which Plaintiffs worked) and Cozby's disciplinary referral of Plaintiffs. (Prop. 2d Am. Compl., Dkt. 31-1, at 8). In its section concerning the first cause of action, violation of First Amendment free speech and petition rights, it adds more allegations about Basye and Medina's conduct to support its conclusion that their actions "would dissuade a person of ordinary firmness from continuing to exercise his or her First Amendment rights." (*Id.* at 11). In total, Plaintiffs meaningfully amended two of fifty numbered paragraphs. (*Id.* at 1–15).

Only the TDPS Defendants responded to Plaintiffs' motion.[2] (Dkt. 35; *see also* Reply, Dkt. 36, at 4 n.2). They argue that allowing Plaintiffs to amend their complaint at this point "will cause undue delay and prejudice by inviting a third round of dispositive motions."[3] (Resp., Dkt. 35, at 1). They propose instead that the Court deny leave to amend and "if necessary, direct the parties to engage in Rule 7 briefing," which would "allow the plaintiffs to produce any additional facts they believe raise their claims over relevant immunity defenses and bring resolution to the immunity questions much sooner." (*Id.* at 2, 4). *See* Fed. R. Civ. P. 7(a)(7). They also argue that the proposed amendments are futile. (*Id.* at 4–5).

---

[2] The TDPS and TDCJ Defendants are all represented by the Texas Office of the Attorney General, though by different counsel of record.
TDPS untimely filed its response. *See* W.D. Tex. Loc. R. CV-7(e)(2). Even so, the Court will consider their filing in its reasoning here.

[3] When the TDPS Defendants renewed their motions after Plaintiffs first amended their complaint, large portions of the motions remained unchanged. (*See* Dkt. 5, 22 (Basye's motions to dismiss); Dkt. 6, 23 (Medina's motions to dismiss)).

If the Court were to grant Plaintiffs leave to amend, it would render the TDPS and TDCJ Defendants' outstanding motions to dismiss and for judgment on the pleadings, (Dkt. 22, 23, 27), moot because they would pertain to a then-superseded pleading. (*See* Order, Dkt. 15, at 2).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982)). "[A]bsent a 'substantial reason' such as *undue* delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (emphasis added) (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile," which in this context means that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). When analyzing futility, courts within the Fifth Circuit "apply 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Id.* at 873 (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In applying the 12(b)(6) standard, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the

3

plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. ANALYSIS

Overall, the Court finds that there is no substantial reason to deny leave, and that it is in the interest of justice to grant Plaintiffs leave to file their second amended complaint. "District courts are entitled to manage their cases with the aim of conducting litigation efficiently," and [t]he goal of efficient litigation" would not be "furthered by the denial of leave to amend in this case." *Carson v. Polley*, 689 F.2d 562, 585 (5th Cir. 1982). Given the findings detailed below, and Rule 15's "bias in favor of granting leave to amend," the Court will grant Plaintiffs' motion. *See Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002); *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

#### A. Potential Delay from Amendment

The TDPS Defendants maintain that amendment would lead to undue delay, which, they argue, vitiates Plaintiffs' ability to amend. (Resp., Dkt. 35 at 2–3 (citing *Dussuoy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). They assert that the proposed amendment would both burden the Court and seriously prejudice them. (*Id.* (citing *Dussuoy*, 660 F.2d at 598 n.2; *Mayeaux*, 376

4

F.2d at 427)). Ultimately, in the TDPS Defendants' view, amendment would "impose[] a burden on the defendants to engage in needless briefing" and would "further delay[] resolution of the immunity questions at stake." (*Id.* at 3). Plaintiffs reply that any delay the amendment might cause is neither undue nor prejudicial (Reply, Dkt. 36, at 3–4). No discovery is underway, per the Court's previous protective order, (Dkt. 34), so Plaintiffs argue that the TDPS Defendants bear "no burden from having to answer discovery while a new amended complaint and a possible new round of motions are considered." (Reply, Dkt. 36, at 4).

The Court agrees with Plaintiffs that the TDPS Defendants' "convenience and desire for speedy resolution is insufficient to overcome the presumption in favor of amendment." (*Id.*). Like in *Dussuoy*, "delay alone cannot justify" a decision to deny leave to amend in this situation. 660 F.2d at 599. "The pleadings as they stand have given [Defendants] adequate notice of the transactions at issue." *Id.* The clarified factual allegations in Plaintiffs' complaint allow for judicial consideration of the immunity issue in its most precise and accurate instantiation (should Defendants renew their motions). With these considerations in mind, the presumption in favor of allowing leave to amend overcomes any the concern of any nonprejudicial delay it might cause.

### B. Leave to Amend versus Rule 7 Reply

The TDPS defendants urge the Court to direct Plaintiffs to file a Rule 7 reply, (Resp., Dkt. 35, at 2): in particular, "a reply tailored to an answer pleading the defense of qualified immunity." *Lincoln v. Turner*, 874 F.3d 833, 839 n.11 (5th Cir. 2017) (quoting *Schultea v. Wood*, 47 F.3d 1427, 1433–34 (5th Cir. 1995)). Generally, when "a qualified immunity defense is asserted in an answer or motion to dismiss," as it is here, the district court must first apply "Rule 8(a)(2)'s 'short and plain' standard to the complaint." *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016) (quoting *Schultea*, 47 F.3d at 1433). Then, "the court *may . . . in its discretion*, insist that a plaintiff file a reply tailored to . . . the defense of qualified immunity." *Id.* (quoting *Schultea*, 47 F.3d at 1433–34). "Vindicating the

5

immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Schultea*, 47 F.3d at 1434.

The core rationale of prescribing Rule 7 replies "[w]hen a public official pleads the affirmative defense of qualified immunity in his answer" is that "an additional pleading by the plaintiff may be helpful to the defendant in laying the groundwork for a motion to test the sufficiency of the claim" *Id.* at 1433 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1185 (3d ed.)). The Rule 7 reply must "[b]y definition" "be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.*

Here, it is not clear what additional information a Rule 7 reply would provide that responsive briefing—of the type already filed in this case, (*see, e.g.*, Dkt. 32)—would not. If Defendants do "submit substantially similar briefing," (Resp., Dkt. 35, at 5), and Plaintiffs respond, it will provide the "greater detail" that will assist the Court in that decision. *Schultea*, 47 F.3d at 1434. The principle underlying a qualified immunity-focused Rule 7 reply is effectively satisfied; judicial economy is not appreciably served more one way than the other.

## C. Futility of Amendment

The TDPS Defendants argue that granting leave to amend will be futile "in the sense that the defendants intend to submit substantially similar briefing seeking dismissal of the claims and a ruling on the immunity defenses applicable to the same, if this Court grants leave." (Resp., Dkt. 35, at 5). As Plaintiffs note, this argument does not address the actual test of determining whether an amendment would be futile: if it would fail to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). (Reply, Dkt. 36, at 4). Therefore, the TDPS Defendants' argument is inapposite. Denying leave to amend on this ground would presuppose the outcome of the Defendants' motions.

## IV.  CONCLUSION

For the reasons detailed above, the Court **ORDERS** that Plaintiffs' Motion for Leave to Amend Complaint, (Dkt. 31), is **GRANTED**.

The Court **FURTHER ORDERS** that Basye's amended motion to dismiss, (Dkt. 22), Medina's amended motion to dismiss, (Dkt. 23), and the TDCJ Defendants' motion for judgment on the pleadings, (Dkt. 27), are **DENIED AS MOOT**.

**SIGNED** on November 25, 2019.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE