IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LaCRESHIA CALDWELL and KATRINA CARTER, | § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | 1:19-CV-524-RP |
| RICHARD MEDINA, MARY BASYE, CAROL MONROE, JENNIFER COZBY, MARY COMSTOCK, DARREN WALLACE, and BRYAN COLLIER, | | |
| Defendants. | | |

## ORDER

Before the Court is Plaintiffs LaCreshia Caldwell and Katrina Carter's ("Plaintiffs") Motion to Amend or Alter Judgment. (Dkt. 122). Plaintiffs ask the Court to reconsider its March 30, 2023 order, (Dkt. 119), granting Defendants Carol Monroe, Jennifer Cozby, Mary Comstock, Darren Wallace, and Bryan Collier's ("TDCJ Defendants") Motion for Summary Judgment, (Dkt. 109), and Defendants Mary Basye and Richard Medina's ("DPS Defendants") (collectively, "Defendants") Motion for Summary Judgment, (Dkt. 110). Defendants filed a response to Plaintiffs' motion for reconsideration, (Dkt. 126), and Plaintiffs filed a reply, (Dkt. 128). Having considered the parties' arguments, the record, and the relevant law, the Court finds that Plaintiffs' motion for reconsideration should be denied.

### I. LEGAL STANDARD

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). It is not the proper vehicle to "raise

arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). Altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy" that courts should use "sparingly." *Templet*, 367 F.3d at 479. Indeed, the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## II. DISCUSSION

Applying the Rule 59(e) standard, the Court does not find good cause to vacate or amend its summary judgment order. The Court granted the TDCJ Defendants' motion for summary judgment after finding that there was no "issue of fact as to whether [Plaintiffs] were speaking on a matter of public concern." (Dkt. 119, at 8). The Court granted the DPS Defendants' motion for summary judgment because: (1) "Plaintiffs' speech was not chilled by [Defendant Basye's second traffic] stop," (*id.* at 9), and (2) "Plaintiffs ha[d] not raised a genuine issue of material fact that their speech was chilled by [Defendant] Medina," (*id.* at 10). Plaintiffs "argue that the Court's Order was affected by clear errors of law and would lead to manifest injustice," entitling them to an "amended or altered" judgment under Rule 59(e). (Dkt. 122, at 1). Plaintiffs argue that the Court made three errors: (1) the Court "erroneously held the Plaintiffs' speech to a 'truth' standard to fall within the protection of the First Amendment," (2) the Court "erred by casting aside much of their First Amendment speech and activity and by focusing exclusively on their complaints of racial profiling and police misconduct," and (3) "by disregarding the strong causation evidence, the Court …

committed error by granting summary judgment on the claims of retaliation against Defendant Medina." (*Id.* at 1-2).

In analyzing Plaintiffs' motion for reconsideration, the Court is guided by the Rule 59(e) standard, which dictates that this "extraordinary remedy" should be used "sparingly." *Templet*, 367 F.3d at 479. Plaintiffs devote several pages of their motion to rehashing First Amendment jurisprudence. (Dkt. 122, at 5-10). But "[a] motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005). Plaintiffs then list out a number of alleged facts in the evidence considered at the summary judgment stage, (*id.* at 11-12), but present no newly discovered evidence. *See Waltman*, 875 F.3d at 473. Plaintiffs then take issue with the Court's determination that there was no "issue of fact as to whether [Plaintiffs] were speaking on a matter of public concern." (Dkt. 119, at 8). But the Court concluded that there was no evidence that Defendant Basye engaged in misconduct based on the record. (*Id.*). Plaintiffs next argue that the Court "omitted multiple other instances of Plaintiffs' speech and conduct protected by the First Amendment." (Dkt. 122, at 14). But Plaintiffs fail to recognize that their cause of action is for alleged retaliation for complaining "of race-based, official police misconduct," (Dkt. 80, at 11), upon which the Court based its analysis. And, at any rate, it is not appropriate to rehash old facts in a Rule 59(e) motion. *LeClerc*, 419 F.3d at 412 n.13. Plaintiffs also argue that the Court did not cover the third and fourth § 1983 factors, but that is because the Court found that Plaintiffs failed to meet the second factor, obviating the need to analyze the other factors. (Dkt. 119, at 7). Plaintiffs also take issue with the Court's analysis of the evidence regarding Defendants' alleged motivations. (Dkt. 122, at 16). Once again, such an analysis of old facts is not appropriate for a Rule 59(e) motion, as the motion for reconsideration does not demonstrate clear error in applying the law.

Ultimately, Plaintiffs have not established that the Court should deviate from the Fifth Circuit's "important judicial imperative[]"of "the need to bring litigation to an end" when considering Rule 59(e) motions. *Templet*, 367 F.3d at 479. Plaintiffs have not presented a compelling reason for the "extraordinary remedy" of vacating a judgment. *See id.* Therefore, the Court denies Plaintiffs' motion for reconsideration. (Dkt. 122).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' motion for reconsideration, (Dkt. 122), is **DENIED**.

**SIGNED** on November 8, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE